Rose A. McShane, as Committee for J. Leo McShane, an Incompetent, Claimant, *v.* State of New York, Defendant. (Claim No. 30484.)

Court of Claims, April 17, 1953.

*Seymour M. Litman* for J. Leo McShane, individually.

*Nathaniel L. Goldstein, Attorney-General* for the State of New York (not appearing).

Sylvester, J. It is sought to amend the judgment herein and to resettle an order heretofore entered on the 22nd day of January, 1952, fixing compensation of counsel for the committee and directing payment of the balance to Rose Ann McShane, as committee for the incompetent, by ordering that payment be made to J. Leo McShane, individually.

The application arises under the following circumstances: The claim was originally filed on September 21, 1950. By petition verified December 18, 1950, Rose Ann McShane, as committee of the incompetent, applied to the Supreme Court in the County of Nassau for an order adjudicating the incompetent to be a person competent to manage his person and property. Upon the basis of this application and after due notice had been served upon the Attorney-General, an order was made and entered by that court on February 15, 1951, adjudicating that J. Leo McShane was a person competent to manage his person and property. The order further provided that Rose Ann McShane as his committee, be directed to file a final account within thirty days after service of a copy of the order or in lieu thereof, and upon receiving from J. Leo McShane, a receipt and settlement release and filing the same, that the said committee restore to J. Leo McShane all property remaining in her hands as his committee. The order also provided that upon proof of compliance with the foregoing, that an order be made by the court discharging the committee and canceling the bond. Pursuant thereto, a general release was executed in accordance with its provisions by J. Leo McShane on April 26, 1951. Accordingly, at that time, nothing remained to be done other than the making of an application to the Supreme Court for an order discharging the committee in accordance with the order of that court 'of February 15, 1951. No such action, however, was taken until March 7, 1952.

Instead, the case in the Court of Claims was continued in the right of the committee and was tried before this court on December 10, 1951. Judgment was entered on December 26, 1951, and the order now sought to be resettled was made on January 22, 1952. In the petition filed in support of the application for an order fixing the compensation of counsel for services rendered in the action, no mention was made of the fact that the supposed incompetent had been adjudicated competent to manage his person and property on February 15, 1951, approximately eleven months before the petition was filed. Moreover, the committee, in her affidavit submitted in support of the application, characterized J. Leo McShane as an incompetent, although she must have been fully aware that McShane had been adjudicated competent many months before. The record indicates a lack of candor on the part of the claimant under circumstances which amount to an imposition upon the court. Had the court been advised in January, 1952, when the application was made to fix the fees of counsel, that the supposed incompetent had been

adjudicated competent to manage his affairs more than eleven months before, the application manifestly would not have been entertained.

The committee having been discharged on March 7, 1952, on the basis of the adjudication of competency made February 15, 1951, the comptroller refused to pay to the committee the balance of the judgment remaining after payment of counsel's fees. Further, since the judgment and order entered in this court directed that payment be made to the committee, the comptroller rejected the request of the attorney for J. Leo McShane individually that payment be made directly to his client. An article 78 proceeding brought by J. Leo McShane to compel payment of the judgment to him has been dismissed on the ground that the order of this court directed payment of the judgment to the committee. There is no basis for amending the judgment or for resettling the order of this court heretofore made. The judgment and order were properly entered upon the facts presented to the court and were in accord therewith. The inexcusable omission to advise the court of the adjudication of competency has precipitated the situation in connection with which this relief is sought. The proceeds of the judgment are the fruits of the cause of action which was an asset of the incompetent's estate. The settlement of that estate and any direction as to the disposition of its proceeds would appear to this court to reside with the Supreme Court which alone has jurisdiction of the property of the incompetent. It would therefore seem that recourse should be had to that forum for the appropriate relief. The motion is denied.